GEORGE W. CASWELL *vs.* ROBERT E. KEITH & others.

A mechanic's tools are not rendered liable to attachment under *St.* 1855, *c.* 264, by his tem-
porarily suspending the exercise of his trade with an intention to resume it.
A bill of parcels may be shown by parol evidence to have been given by way of mortgage
only.

ACTION OF TORT for the conversion of personal property, claimed by the plaintiff to be exempt from attachment, as tools, and implements necessary for the plaintiff's trade as a tinsmith. Writ dated September 30th 1856.

The defendant Keith justified as a constable of Boston, under a levy upon an execution in favor of one of the other defendants, and under an attachment on mesne process in favor of the third; and they all denied that the property attached was the plaintiff's or exempt from attachment.

At the trial in the superior court of Suffolk, it appeared that the plaintiff served an apprenticeship, and from 1843 to the summer of 1856 was engaged in the trade of a tinsmith; but during that summer he also kept a refreshment room under his own name; that in August 1856 he gave up his tin shop, stored the chattels now attached, went to New York in pursuit of employment in his trade, or some other occupation, taking with him some of his tools, and assisted in keeping a refreshment room there, in a house occupied by himself and family, until he returned to Boston, early in September; that he did some work as a tinsmith in New York, and on his return tc

Boston he opened a refreshment room, because the tools of his trade had been seized by the defendants.

The defendants contended, that the word " necessary " in the statute excluded everything that the debtor could dispense with in his trade ; that the exemption applied to the principal business of the debtor, if he had two occupations; and that if the plaintiff had abandoned his trade, the exemption would not apply at all.

*Huntington,* J. instructed the jury, " that the tools claimed to be exempt from attachment must, at the time of the taking, be absolutely necessary for the debtor in his trade or calling, and such as he could dispense with would not be so exempt; that the exemption applied to the principal business of the debtor; that as to giving up his trade, there was a distinction between a permanent abandonment and a temporary one ; that if he had abandoned the occupation of a tinsmith, the tools necessary would not be exempt; but that if he intended to return to it at a future day, the tools would be protected from attachment during the suspension."

The defendants, to disprove the plaintiff's title, offered evidence that before the attachment the plaintiff executed to George E. Prescott a bill of parcels of the property attached. The plaintiff was then permitted, against the defendants' objection, to prove by parol evidence that this instrument was delivered as a mortgage to secure the repayment of sixty dollars lent at the same time by Prescott to the plaintiff. Prescott cancelled the instrument in court, without objection on the part of the defendants; and the judge instructed the jury that they might assess damages without regard to the mortgage. The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*W. L. Burt,* for the defendants.

The plaintiff submitted the case without argument.

MERRICK, J. The property taken by the defendants, upon the legal processes under which they severally attempt to justify their proceedings in relation to it, consisted of tools and implements necessary to the plaintiff in carrying on his trade and

business as a tinsmith.    This is now conceded ; but it is con-
tended that these tools and implements were no longer exempt
from attachment on mesne process or seizure upon execution at
the suit of his creditors, because he had, before they were thus
taken, abandoned that trade and had no further occasion for
the use of them in its pursuit.    The court ruled, in conformity
to the request of the defendants, that if the fact of abandon-
ment was established, the proposition asserted by them would
follow as a necessary legal consequence.    But the jury found,
under the instructions given them, that he had not abandoned his
trade ; and their verdict is conclusive upon the parties in rela-
tion to this question, if these instructions were correct.    And of
this we think there can be no reasonable doubt.    The distinc-
tion between withdrawing from the pursuit of a particular trade
or occupation, with a determination never to resume it, and a
temporary diversion from its prosecution, while engaged in con-
ducting some other business or enterprise not intended to be of
permanent or durable continuance, is clear and definite, and
was fully and distinctly stated and explained by the court.    To
secure to himself the privileges and benefits intended to be con-
ferred by the provisions of the statute, an artisan is not required
to ply his trade without any possible intermission or the occur-
rence of any interruption in its pursuit.    If, for instance, owing
to the general stagnation of business, he cannot for a season
find remunerative employment in carrying it on, or if, from per-
sonal infirmity or other intervening impediment, it becomes
necessary or expedient that he should resort temporarily to
some other department of industry to obtain means of support-
ing himself and his family, he cannot, as long as he entertains
an intention to return, as soon as circumstances will permit, to
occupation and employment in his trade, be said to have given
up or abandoned it.    The tools and instruments requisite to
carry it on in the usual and ordinary manner in which such
business is conducted are in the mean time still things of neces-
sity to him within the meaning of the law.    And they will be
protected in his possession against seizure and attachment upon
legal process, in order that he may not be deprived of the means

of earning, by the application of his labor to pursuits for which he has peculiar qualifications, a livelihood for himself and his family, and of thus being useful, instead of a burden, to the community. The provisions of all our statutes upon this subject are manifestly intended, as in the very nature of things they could only be, for the relief and benefit of persons possessed of very little property, and dependent for subsistence upon daily labor, or the moderate income derived from their usual and ordinary avocations. They should therefore be interpreted, as they always have been, so far as the language in which they are expressed will admit of it, so as more effectually to accomplish this plain and obvious purpose of the legislature in their enactment. *Gibson* v. *Tenney,* 15 Mass. 205. *Richardson* v. *Buswell,* 10 Met. 506. *Carruth* v. *Grassie,* 11 Gray, 211.

The explanatory evidence in relation to the bill of parcels and the object and purpose of it was properly admitted. It was offered to prove the real terms upon which the agreement of sale between the parties was made; and for this purpose, upon well settled principles, was competent and proper. It was so determined in the case of *Hazard* v. *Loring,* 10 Cush. 267. The facts here recited in relation to the objection taken by the defendant concerning the admissibility of evidence are not distinguishable from those upon which the decision in that case was made.

The other objections noted in the brief of the counsel for the defendants are not open to them upon the bill of exceptions, and they were not insisted upon at the argument; and of course are not now noticed by the court.    *Exceptions overruled.*